Mr. Kie D. Hall, Executive Director Arkansas Public Employees Retirement System One State Capitol Mall Little Rock, Arkansas 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion concerning a question which has arisen in light of Opinion No. 89-046. That opinion was issued in response to two follow-up questions arising from Opinion No. 88-340. Opinion No. 88-340 concluded that to the extent municipal judges and clerks are eligible for local retirement membership in a plan established pursuant to A.C.A.24-8-301 et seq., they are ineligible for membership in APERS. Opinion 89-046 concludes that cities of the first and second class are required to establish local plans pursuant to A.C.A. 24-8-301
et seq., while incorporated towns are not, and that this fact rendered the municipal judges and clerks of a municipal court in an incorporated town eligible for membership in APERS. Your question now is whether deputy clerks of municipal courts fall under the same provisions outlined in Opinion No. 89-046.
For the following reasons, it is my opinion that deputy municipal court clerks are not covered by the statutory language authorizing local retirement plans for municipal judges and clerks. (See A.C.A. 24-8-301 et seq.).
Although A.C.A. 24-8-305 titled "Entitlement to benefits generally" includes language which could be construed as including deputy clerks, it is my opinion that when viewed with other relevant provisions, it does not. Section 24-8-305 provides in pertinent part as follows:
 (a) Any judge, licensed to practice law, of a municipal court established in any county and any clerk of such a municipal court appointed by the judges thereof shall be entitled to the benefits prescribed in this subchapter . . .
Section 24-8-311 sets out the eligibility requirements for clerks. It provides as follows:
 Any clerk of a municipal court to which this subchapter applies, appointed by the judges of the court, who shall attain the age of sixty (60) years and who shall have served in office as clerk for at least ten (10) years, or who shall have served in office for at least twenty (20) years, irrespective of age, shall be eligible to receive retirement benefits provided by this subchapter. If the clerk resigns, retires from office, or is succeeded in office by another clerk, the clerk shall receive retirement benefits for and during the remainder of his natural life in an amount equal to one-half (1/2) of the salary payable to him at the time of resignation, retirement, or succession in office.
It is my opinion that the emphasized language above contemplates coverage only for "the" municipal court clerk. The language emphasized above does not say "every" clerk, or "any clerk", or even "a" clerk, it says "the" clerk. It is thus my opinion that the legislative intent of the provisions was to cover only municipal judges and the municipal court clerk.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.